Good morning, judges. My name is Chris Rasmus and I'm the attorney for Robert Panaro. Mr. Panaro was convicted of statute, the Hobbs Act violation in the District of Las Vegas in 1999. Today we're here on his habeas petition and the issue, there's one issue before this court and that's whether the United States sentencing guideline 2S1.1 should have been analyzed and applied to his case at either sentencing or on direct appeal. And I will note to this court that his trial attorney and his direct appeal attorney were the same attorney who passed away and I took over the case at the point where the 2255 was filed back in November of 2001. And I think the court's aware that, I think the United States attorney faxed up a citation, the co-defendant that my client was tried along with Stephen Seno. Another panel had issued an order I think last week stating that 2S1.1 doesn't apply to my client and shouldn't apply in this circuit. And with all due respect, Judge, your honors, I think that panel was incorrect in its analysis. That panel relied on its authority under the Franco-Hernandez case and if we remember correctly, the Franco-Hernandez case is an alien smuggling case. The case that we have here today is an extortion case dealing with the Hobbs Act, 18 U.S.C., 1951. There's a little, it's close to the Franco-Hernandez case but it's not quite on point and I think that's why the panel is mistaken when they issued the order with supporting that ruling with the case in Franco-Hernandez. Franco-Hernandez dealt with the guideline 2L1.1. Our case here today deals with 2S1.1. 2S1.1 covers conspiracies in all cases except when conspiracy is expressly covered by another offense guideline. Back in 1993, the guidelines used to have a provision 2E1.5 which was deleted by an amendment in Appendix C, Amendment 481, which had a cross-reference to 2B3.1 which my client was sentenced to in the baseline offense 2B3.1, the extortion guideline sets the baseline offense at 18. This was deleted from the guidelines that provided the express reference making 2S1.1 inapplicable. With that provision gone, the United States v. Amato and the Amato case out of the Second Circuit, they stated 2S1.1, you do apply it to a Hobbs Act violation. 2X1.1, with that provision gone, they stated nothing remains to suggest much less expressly state that it tends to cover conspiracies. Counsel, did you look at in the guidelines manual the background of 2X1.1? Yes, I did, Your Honor. You know, what it says is in most prosecutions for conspiracies, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Then it says sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of three levels is provided. Now, is that accurate to say that they had decided on everything that they were going to do except for the fact that that Herbie got knocked off by one of the participants before they went ahead with the plan? I think that's the government's argument that but for Herbie's death, this conspiracy would have taken place. But I don't think the conspiracy was completely formed. I think there's some testimony at trial that they were going to go back to the auto parts store, they were going to remove the handguns from Mr. Blitzstein's desk to make it a little bit safer when they approached him and told him he was no longer going to be a partner in the any auto business. That was implementing the offense. I mean, I don't think that that's separated from the offense, is it? I think it absolutely is separate from the offense, Judge. I think there was a couple offenses. There was the conspiracy that Mr. Pinero and Mr. Sino were part of, and that was to remove Herbie Blitzstein as a partner for any auto. And then there was the conspiracy where the other co-conspirators went outside the conspiracy and murdered Herbie Blitzstein without the knowledge and the consent of Mr. Sino and Mr. Pinero. So I think that the conspiracy was interrupted by the murder, but it wasn't a complete conspiracy at that time. There were still some things they still had to meet a few more times. They still had to discuss some things about when they were going to meet him, where they were going to meet him, and on what terms they were going to meet Mr. Blitzstein before his demise in 1997. Do any of your arguments require us to decide facts inconsistently with what was decided in the direct appeal? And if so, what effect does this Court's statement of facts in the direct appeal have? I think the facts on direct appeal are on point. We agree with the facts that were set forth in that appeal and in that opinion as far as that there was actually two conspiracies. One conspiracy to throw Blitzstein out and the other conspiracy with the other co-conspirator that were charged and convicted of murdering Mr. Blitzstein. So I think that we can follow those facts. And I think even under the facts that we accept that 2S1.1 should have been analyzed by the sentencing court, by the parole and probation should have included it. They didn't include it. Mr. Pinero's trial attorney and his direct attorney was John Fadgen, who's passed away since then. And I don't think that any cursory review of the guidelines would have put you through to 2S1.1. The Amato case was decided in 1995, and it expressly states, the Second Circuit said, yeah, the Hobjack violation, you do give it a 2S1.1 analysis. And I think if you do give that analysis, even under the facts under the direct appeal, it does apply. The murder stopped. It was an intervening act. There wasn't a law enforcement intercession. And I think that it should have applied, and I think the district judge was in error. And I think Mr. Pinero's counsel at that time, his standard of conduct and his professional responsibility in that case was below the reasonable standards set forth in the Strickland prong. Of course, in 2255, just as you've indicated, the hurdle that has to be overcome is tougher than just showing that it was a mistake not to have done it. It has to be below the level of confident representation. Now, in a situation in which there is case law that, at least even on your version, seems to go both ways on the issue, are we in a position to say that the second-guess the lawyer in a 2255 manner? I think we should second-guess the lawyer, Judge. I think 2S1.1 is clearly out there. If there's a conspiracy, which Mr. Pinero was convicted of, that conspiracy consisted, and it should apply, 2S1.1 should have been analyzed by the district court judge. I think Mr. Pinero's trial counsel and his direct appeal counsel fell below the standard. Let me put it a different way. If a panel of this court has committed the error that you ascribe to it, are we to say that the lawyer who didn't raise the issue a different way fell below the standard of professional competence? Are you talking about the counsel for Mr. Sino on his trial appeal? No, I'm not talking about the counsel. I'm talking about the judges. Well, I think the judges in that case, and I'm familiar with those judges, I think that you look at Franco-Hernandez. I've dealt with this issue for the last two years. I consider myself an expert in this court on 2S1.1. I've dealt with it, slept with it, ate with it. I understand this issue really well, and I think that it's easy to look at Franco-Hernandez on his face and say this applies. Therefore, 2S1.1 shouldn't be considered. I think it's easy to look at Franco-Hernandez. It's a confusing case. It's a confusing issue, and I think the court made a mistake. I think that panel definitely made a mistake, and I think this panel should step up to the plate, correct this, and allow our circuit to have some guidance on this issue. When only the Second Circuit is the only one out there, the only case we can look to is in the Second Circuit. And they said, yeah, you do apply 2S1.1 to the Hobbs Act.  Thank you, counsel. Good morning. May it please the Court. I'm Justin Roberts. I'm an assistant United States attorney from the District of Nevada, and I am not an expert on 2S1.1. However, I, like counsel below, can read the controlling Ninth Circuit authority. And just to clarify what we're here for, it's whether or not Mr. Pinaro's counsel fell below a standard of objective reasonableness. It's not just the issue of whether it's 2S1.1. Well, to ask you the same question that Judge Schrader asked in slightly different terms, can you think of any reason why a competent lawyer wouldn't raise the issue? Was it so clear that the issue would come out the other way that it wasn't worth raising? Well, Your Honor, at the time of Mr. Pinaro's sentencing, at least three decisions of this circuit had been decided, that of the Hernandez-Franco case, the Van Boom case, and the Koenig case, all of which dealt with attempts, not necessarily conspiracies, but attempt convictions for statutes that themselves criminalized an attempt or conspiracy. Those previous panels and those decisions indicate that you do not apply the 2S1.1 guideline because the offense of conviction itself expressly criminalizes the attempt and or the conspiracy. There were also arguments in those cases, those three previous cases, that those guidelines were not specifically listed in the application notes to 2S1.1. That's also true of the Hobbs Act, isn't it? That's correct. And once again, the Court, having looked at that, said that it's not controlled by what's included in the application note 1 of 2S1.1. It's controlled by what the statute of conviction says. And therefore, when counsel for Mr. Pinaro below was faced with the decisions in Van Boom and Koenig, for instance, it's objectively reasonable to decide to not argue that point. Usually, counsel, usually when lawyers are charged with omission in the course of a 2255, the cover story is, well, it was a strategic judgment. But what's the strategic judgment that's involved in not advancing a respectable position?  That presupposes, Your Honor, that there was a respectable position to advance. And at that point in time, when faced with three or four, excuse me, I don't want to overstate it, approximately three Ninth Circuit opinions that suggested that that argument would not prevail, it's not necessarily a meritorious argument. In fact, it could be said that you look. Are you familiar with Judge Reinhart's opinion in Martinez-Martinez? I'm not familiar with that case, Your Honor. So in part, he said for the panel that in dealing with 2X1.1, we now hold that unless the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of a substantive offense is inevitable by an unforeseen occurrence that frustrates its completion, the conspirators are not, underscored, about to complete the requisite acts and the defendant must be granted the three-point reduction. Well, Your Honor, that gets to the second point of the analysis that counsel below could have used, and I'm not familiar with that case, but that counsel could use in not advancing the argument, because not only were there opinions out there that suggested that that guideline, no matter what, even if there was a withdrawal, even if the conspiracy had ended and he qualified for the 2X1.1 three-level reduction, the facts of the case itself didn't indicate that that would be applicable. It had been gone to trial. The previous panel of this circuit in its facts portion of the February 28, 2001, opinion in the Pinaro direct appeal indicates, Mr. Pinaro, there was a conspiracy to extort Mr. Blitzstein, and ultimately the end result was that Pinaro and others divided up Mr. Blitzstein's business, such that there is no withdrawal from the conspiracy in the 2X1.1 guideline. It's not a question of withdrawal. On the facts. It's not a question of withdrawal. The portion that I read said that unless just about everything has been done and it's frustrated then by the intervention of some third act, such as the one that we have to deal with here, you must give the three-level reduction. Now, is it true that in this situation just about everything had taken place? Counsel, opposing counsel says no, that there were a number of things that still had to be worked out and planning and so on. Well, that issue had been decided by the jury in the previous panel on direct appeal. Everything had been done, and in fact the end result was the taking over of the business, which Mr. Pinaro and others had done. They were going to threaten him and pick him up bodily and show up and just, in some instances, Mr. Pinaro indicated that if Mr. Blitzstein just sees us, who are known members of MACOSA-NOSTRA, he will know that he's in trouble and that therefore that's a threat and intimidation enough to get him to move along and we can take over his business, which they did. There's an argument that this murder was an intervening act. However, there's also some indication that it was a way to create an alibi and deniability that they knew that the murder was going to take place. But with the issue that's before the Court today, it's whether or not counsel below was unreasonable in his conduct. Once again, on the law, there was Ninth Circuit case law that suggested that the 2X1.1 would not apply based on the offense of conviction and on the facts as they had been borne out at trial. It would not have been a plausible argument to make, and therefore you may, as counsel, be seen as taking a kitchen sink approach, which doesn't always adhere to the benefit of your client. And I will note that the counsel did achieve a two-level downward adjustment. There was initially a four-level enhancement for his role in the offense, and counsel was able to get that down two levels. Ron, he wasn't a leader. That was the pre-sentence report and other things indicated that he was, and counsel was able to argue otherwise and spend resources to get those two levels down. And this Court has recently, last week, another panel has decided on the co-defendant, on the same exact conspiracy that was involved in this case, that 2X1.1 does not apply to Hobbs Act conspiracies. And I understand this. Did the other lawyer, the co-defendant's lawyer, raise that issue? In the... In CINO. In CINO below, it was raised on after remand, upon appeal after remand. That's the CINO procedural posture. That's still a direct appeal in the... So that would bear on an analysis of prejudice more than it would bear on the question of deficient performance, wouldn't it? I respectfully disagree because the Strickland analysis tells you to not look at the distorting effects of hindsight. And so that you have, I mean, once again, I'm not arguing that the CINO opinion is what counsel is looking at below when he made his decision not to argue it. But the fact that CINO's counsel argued that does not necessarily mean that Mr. Pinaro's counsel below was objectively unreasonable. He was working with the facts and the law that he had in 1999 before him, and those were the three opinions of this circuit and the facts of the conspiracy itself. So I do not think that the ultimate opinion in CINO, which incidentally was not, he did not prevail. So the hindsight, looking at it in hindsight, it nears to the government's benefit in that way as well, but I don't think it bears... Well, that's why I'm wondering why you're pushing so hard on the first prong, since assuming that CINO correctly states the law of the circuit, I guess I don't understand why you would... Well, because the analysis that's before the court, the procedural posture right now is on the denial of a 2255, and not necessarily on whether... Well, but your argument is that 2255 would follow a fortiori from a holding on direct appeal, right? I'm sorry, Your Honor, I don't understand. I say your argument is that the hurdle is heavier, harder to overcome in 2255, and therefore the decision in CINO, your contention is, provides any fortiori position for us. My argument is that the 2255 procedural posture has an additional hurdle to meet, which counsel, as suggested in the brief submitted to this court, cannot meet based on the law of the circuit. Thank you, counsel. Case just argued will be submitted.
judges: Reinhardt, Graber, Shadur